UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

STEPHEN POWELL,

Plaintiff,

v.

ANTONIO RUIZ,

Defendant.

Civil Action No.  25-2334-TDC

## MEMORANDUM OPINION

Plaintiff Stephen Powell, an inmate currently confined at the Maryland Correctional Training Center, in Hagerstown, Maryland, has filed a Complaint pursuant to 42 U.S.C. § 1983 in which he alleges that Defendant Antonio Ruiz, a police officer with the Montgomery County Police Department ("MCPD"), used excessive force against him during a traffic stop.  Officer Ruiz has filed a Motion to Dismiss, which Powell opposes.  Having reviewed the submitted materials, the Court finds that no hearing is necessary.  *See* D. Md. Local R. 105.6.  For the reasons set forth below, the Motion to Dismiss will be DENIED.

## BACKGROUND

The following facts alleged in the Complaint are accepted as true for purposes of resolving the Motion.  Powell alleges that on June 1, 2024, Officer Ruiz conducted a traffic stop on a vehicle in which Powell was a passenger based on a "tag light."  Compl. at 4, ECF No. 1.  Powell, who was in the back seat on the passenger side, exited the vehicle in order to enter a store, but he was "box[ed] in" by Officer Ruiz.  *Id.*  Officer Ruiz put his right hand on Powell's shoulder and "aggressively" instructed him to get back into the car.  *Id.*  When Powell asked what he had done

wrong, Officer Ruiz wrapped his left arm around Powell in a chokehold. According to Powell, he resisted out of fear for his safety. Officer Ruiz then pulled him away from the vehicle and threw him to the ground. As Powell's girlfriend, who was also in the car at the time of the traffic stop, screamed "What did he do?" and recorded the scene on her cell phone, Powell called for help to bystanders and the other occupants of the car, who were his cousins. *Id.* at 5. When Powell stood back up, Officer Ruiz put his arms around his waist from behind in a "seat belt grip" and "hip tosse[d]" Powell onto the ground in a manner that caused Powell's head and shoulder to hit the ground. *Id.* When Powell, in a daze, stood back up and asked his girlfriend to help "get him off of me," Officer Ruiz slammed him to the ground for a third time. *Id.* At that point, another police officer put his knee into Powell's back and deployed two taser probes into Powell.

Powell asserts that he suffered contusions to his head, shoulder, knees, and back as well as a concussion and bruises. He also states that he has flashbacks and nightmares about the incident and is now sensitive to loud noises.

Construed liberally, the Complaint alleges a claim under 42 U.S.C. § 1983 for a violation of Powell's right to be free from excessive force under the Fourth Amendment to the United States Constitution. Powell seeks monetary damages.

## DISCUSSION

In the Motion to Dismiss, Officer Ruiz seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim on the grounds that (1) Powell has failed to state a plausible Fourth Amendment claim for excessive force; and (2) Officer Ruiz is entitled to qualified immunity. As a preliminary matter, Officer Ruiz has filed a Motion to Strike Plaintiff's "Supplement to the Complaint," ECF No. 15, in which he requests that the Court strike Powell's February 24, 2026 filing, ECF No. 14. Where that filing is fairly construed as Powell's

memorandum in opposition to the Motion, it will not be stricken as an improper supplement to the Complaint. Although Officer Ruiz correctly notes that it was filed after the 28-day deadline for Powell's brief, where it is unclear when Powell actually received Officer Ruiz's Motion and when Powell actually put his filing in the prison mail system, and where the Court finds that Powell's brief does not materially alter the Court's analysis, it will not strike it based on the late filing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).

## I.    Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Typically, in considering a Rule 12(b)(6) motion, the Court considers only the operative complaint and any attachments to it. *See Sec'y State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). With the Motion, Officer Ruiz asks the Court to take judicial notice of certain court records from the criminal case against Powell in the Circuit Court for Montgomery

County, Maryland that arose from the traffic stop, Criminal Case No. C-15-CR-24-000794 (Montgomery Cnty. Cir. Ct.), which show that Powell pleaded guilty to transporting a loaded handgun in a vehicle and carrying a loaded handgun on his person and was sentenced to a total of three to five years of imprisonment. In considering a Motion to Dismiss, a court may take judicial notice of matters of public record. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Accordingly, the Court will consider the submitted records in resolving the Motion.

## II.    Excessive Force

Officer Ruiz seeks dismissal of the Complaint on the grounds that Powell has failed to allege a plausible claim of excessive force in violation of the Fourth Amendment. Generally, a claim of excessive force used during an arrest or investigatory stop invokes the protections of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989). To assess whether the force used was reasonable and not excessive, a court must balance the governmental interests and "the nature and quality of the intrusion on the individual's Fourth Amendment interests." *Id.* at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). The test is an objective one: whether the officer's actions are objectively reasonable under the facts and circumstances, recognizing that officers often must make "split-second judgments." *Id.* at 397. Relevant considerations include the seriousness of the crime, whether the individual poses an immediate threat to the safety of others, and whether the individual is actively resisting or attempting to evade arrest. *Id.* at 396. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers" will rise to a Fourth Amendment violation. *Id.* (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). Notably, "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.*

In support of his Motion, Officer Ruiz argues that as a police officer, he has a right to control passengers during a traffic stop, including by ordering them to remain in the vehicle. He also highlights Powell's statement in the Complaint that he resisted when Officer Ruiz placed him in a chokehold as providing justification for his subsequent actions. Officer Ruiz further asserts that Powell's version of events "omit[s] critical context regarding the underlying criminal conduct" and references the fact that Powell later pleaded guilty to charges relating to the possession of a loaded handgun in the vehicle and on his person. Mot. Dismiss at 5, ECF No. 12-1.

Even considering these arguments, the Court finds that when the allegations are viewed in the light most favorable to Powell, as is required at this stage, Powell has stated a plausible excessive force claim. The Complaint does not challenge the legality of the traffic stop, the order that Powell get back into the vehicle, or the use of some force to prevent Powell from leaving the scene and instead contests only whether the amount of force used in the encounter was excessive. Here, where the nature of the traffic stop was a broken light near the vehicle's license plate, and Powell was a passenger in the vehicle, the Court cannot conclude as a matter of law, without additional facts, that the use of a chokehold on him when he started to walk away from the car and then asked what he had done wrong was a reasonable use of force under the circumstances. Even assuming that Powell's resistance to the chokehold provided justification for some additional use of force such as putting him on the ground, without additional facts on the nature of the resistance, the Court likewise cannot conclude as a matter of law that Officer Ruiz's subsequent actions constituted a reasonable use of force under the circumstances. Where there are no allegations that, after that point, Officer Ruiz ordered Powell to remain on the ground or issued any other commands, that Powell took any additional actions other than standing up after he was thrown to the ground twice and calling for help, or that there was any basis for Officer Ruiz to believe that

5

Powell was armed, the Court finds that Officer Ruiz's additional actions of using a hip toss to throw Powell to the ground a second time and causing him to hit his head and shoulder on the ground, and then slamming Powell to the ground a third time, could be deemed unreasonable, particularly in light of the significant injuries allegedly sustained, depending on the specific factual details of the encounter that have yet to be developed. Thus, the Court finds that, at this early stage and drawing all inferences in Powell's favor, the Complaint sufficiently alleges a claim of excessive force in violation of the Fourth Amendment. *See, e.g.*, *Smith v. Ray*, 781 F.3d 95, 103 (4th Cir. 2015) (affirming a denial of summary judgment on an excessive force claim where after an individual later found to have had a knife on her person resisted an officer's attempt to grab her arm and asked why he was grabbing her, the officer threw her to the ground, slammed his knee into her back, wrenched her arm behind her, then pulled her up by the hair).

### III.    Qualified Immunity

Officer Ruiz also seeks dismissal based on the assertion that he is entitled to qualified immunity. Qualified immunity shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Henry v. Purnell*, 501 F.3d 374, 376–77 (4th Cir. 2007). When qualified immunity is asserted, the court must consider two questions: (1) whether the facts, viewed in the light most favorable to the plaintiff, show that the official violated a constitutional right; and (2) "whether the right was clearly established," that is, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001); *Henry*, 501 F.3d at 377. For qualified immunity to apply, only one of the questions has to be resolved in favor of the defendant. *See Henry*, 501 F.3d at 377.

Where, as discussed above, the Court finds that the allegations are sufficient to state an excessive force claim, the first prong does not provide a basis to grant qualified immunity to Officer Ruiz. *See supra* part II. As for whether the right to be free from excessive force in these circumstances was clearly established, the United States Supreme Court long ago held that the use of excessive force in conducting an arrest or investigatory stop violates the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). Notably, in *Graham*, as in the present case, the alleged use of excessive force occurred immediately following an investigatory stop of a vehicle, while the plaintiff was outside the vehicle. *See id.* at 389–90. Officer Ruiz does not argue that the right at issue here is somehow distinct from the right identified in *Graham* and instead cites Supreme Court cases, such as *Brendlin v. California*, 551 U.S. 249, 257 (2007), and *Arizona v. Johnson*, 555 U.S. 323, 333–34 (2009), in which the Court found that police officers may prevent passengers from leaving the scene during a traffic stop for the officers' safety, an uncontroversial principle that does not undermine or invalidate the right identified in *Graham*. Where the Fourth Amendment right against excessive force during a vehicle stop is clearly established, and this case will turn on the specific facts of the encounter which require further development, the Court will not dismiss this case based on qualified immunity.

## IV.    Appointment of Counsel

Where Powell has previously sought appointment of counsel, and this case will now proceed to discovery, Powell will be granted leave to renew his Motion for Appointment of Counsel. Once the issue of counsel is resolved, consistent with the United States Court of Appeals for the Fourth Circuit's recent ruling in *Nichols v. Bumgarner*, 173 F.4th 511, 517, 519 (4th Cir. 2026), Powell or his counsel shall consider whether Powell should seek to add as a defendant the second officer who tased him, as referenced in the Complaint.

## CONCLUSION

For the foregoing reasons, Officer Ruiz's Motion to Dismiss and Motion to Strike will be DENIED.  Powell will be granted leave to file a Motion for Appointment of Counsel.  A separate Order shall issue.

Date:  July 9, 2026



THEODORE D. CHUANG
United States District Judge

8